IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:

| | |
|---|---|
| First Acceptance Insurance Company, Inc.,<br>Plaintiff,<br>v.<br><br><br>Estate of Johnnie Douglas, Sr., Estate of Michael Smith, Estate of Patrice Latoya McFadden, and Roland McFadden,<br><br>Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

Plaintiff, First Acceptance Insurance Company, Inc. (hereinafter "First Acceptance"), by and through its undersigned counsel, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

**JURISDICTION AND VENUE**

1. First Acceptance is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Tennessee. First Acceptance is authorized to transact business and write insurance policies in the state of South Carolina.

2. Upon information and belief, Johnnie Douglas, Sr. was a citizen and resident of Darlington County, South Carolina at all times relevant herein and at the time of his death. Upon information and belief, a Personal Representative has not yet been appointed for the Estate of Johnnie Douglas, Sr. and the Estate will need a representative appointed for the purposes of this suit.

3. Upon information and belief, Michael Smith was a citizen and resident of Darlington County, South Carolina at all times relevant herein and at the time of his death. Upon

1

information and belief, a Personal Representative has not yet been appointed for the Estate of Michael Smith and the Estate will need a representative appointed for the purposes of this suit.

4. Upon information and belief, Patrice Latoya McFadden was a citizen and resident of Darlington County, South Carolina at all times relevant herein and at the time of her death. Upon information and belief, a Personal Representative has not yet been appointed for the Estate of Patrice Latoya McFadden and the Estate will need a representative appointed for the purposes of this suit.

5. Upon information and belief, Defendant Roland McFadden is a citizen and resident of Lee County, South Carolina.

6. Upon information and belief, the conduct giving rise to this action occurred in Darlington County, South Carolina on September 26, 2019.

7. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

8. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

9. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1)–(2).

## THE POLICY

10. First Acceptance issued a policy of automobile insurance to Patrice McFadden, policy number 28 ABSC0000006960, with effective dates of July 21, 2019 to January 21, 2020

(hereinafter the "Policy"). The Policy lists a 1997 Toyota, VIN number 4T1BG22K3VU763916, as an insured vehicle.

11.     For the insured vehicle, the Policy provides bodily injury liability coverage with limits of $25,000 per person and $50,000 per accident and property damage liability coverage with limits of $25,000 per accident.

12.     The Policy provides coverage to persons qualifying as an "insured" for certain risks under the insuring agreement and excludes certain risks through policy exclusions. First Acceptance craves reference to the Policy for all terms, conditions, and provisions therein and incorporates them by reference herein.

13.     The Policy provides, in pertinent part:

### DEFINITIONS USED THROUGHOUT THIS POLICY
\*\*\*

14. **Insured auto** means:
   a. any **auto** described on the **Declarations Page**.
   b. any **trailer you own** while it is attached to the **insured auto**….
   c. a **replacement auto**. For a **replacement auto** to be considered an **insured auto**, **you** must notify **us** within 7 days of the date **you** become the **owner** or take physical possession of the **replacement auto**, whichever comes first….
   d. an **additional auto**. For an **additional auto** to be considered an **insured auto**, **you** must notify **us** within 7 days of the date **you** become the **owner** or take physical possession of the **additional auto**, whichever comes first….
   e. a **temporary substitute auto**. A **temporary substitute auto** is provided the same coverage as the **auto** which it temporarily replaces. Temporary is defined as less than 30 days.

\*\*\*

17. **Non-owned auto** means any **auto**, including a **rental vehicle**, that is used by **you** within the scope of the express permission of the **owner** and not **owned** by, furnished to, or available for the regular use of **you**, a **relative**, or a **resident**.

\*\*\*

19. **Own, Owned or Owner** means the person:
   a. holds legal title to the **vehicle**;

\*\*\*

3

24. **Regular use or frequent use** means operation or use of an **auto** by any person on 7 or more occasions during the 90 calendar days preceding either **your** application for this insurance policy or any accident or **loss** for which coverage is sought under this policy.
25. **Relative** means any person related to **you** by blood, marriage, or adoption, including a ward or foster child, who lives with **you** in **your** place of domicile or permanent residence whether or not temporarily living elsewhere. **Relative** includes a minor under **your** guardianship who lives in **your** place of domicile or permanent residence. **Relative** does not include any person over the age of 14 who resides at **your** place of domicile or permanent residence but who is not listed on the application or endorsed on the policy prior to a **loss** or **accident**.

\*\*\*

## PART A: LIABILITY COVERAGE

**INSURING AGREEMENT**
In consideration of the premium paid for this coverage, **we** will pay damages up to the policy limits stated on the **Declarations Page**, for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an **auto accident**.

\*\*\*

**We** have no duty to defend any suit, settle any claim or pay any judgment for **bodily injury** or **property damage** not covered under this policy.

**DEFINITIONS–(Part A Only)**
**Insured** as used in this Part means:
1. **You** or any **resident** or **relative** for ownership, maintenance or use of the **insured auto**.
2. **You** while operating any **non-owned auto** with the express or implied permission of the **owner** and within the scope of that permission.
3. Any other person while driving the **insured auto** with **your** express permission provided that the **vehicle** must be used within the scope of **your** permission.

\*\*\*

**EXCLUSIONS**
**READ THE FOLLOWING EXCLUSIONS CAREFULLY. COVERAGE WILL NOT BE AFFORDED UNDER THIS PART FOR ANY OF THE EXCLUSIONS LISTED BELOW.**

Coverage under this Part A, including **our** duty to defend, does not apply to:
1. **Bodily injury** or **Property Damage** due to or resulting from intentional acts, or reasonably expected to result from the intentional or felonious acts or omissions, committed by **you** or any **insured**. This exclusion applies even if:
    a. **you** or any **insured** lacks the mental capacity to control or govern his or her own conduct, including but not limited to being under the influence of or being mentally incapacitated by any drug, medication, alcohol or other substance;

4

      b. **you** or any **insured** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury** or **property damage**;

      c. such **bodily injury** or **property damage** is of a different kind or greater degree than intended or reasonably expected by the **insured**; or

      d. such **property damage or bodily injury** is sustained by a different person than intended or reasonably expected by the **insured**.

\*\*\*

B. **We** do not provide Liability Coverage for the **ownership**, maintenance, repair or use of:

  1. Any **auto**, other than the **insured auto**, which is:
    a. **owned** by **you**; or
    b. furnished or available for your **regular use**.

\*\*\*

**OTHER INSURANCE**

If there is other applicable liability insurance of bond, **we** will pay only **our** share of the **loss. Our** share is the proportion that **our** limit bears to the total of all applicable limits.

\*\*\*

If an **insured** is using a **non-owned auto,** this liability insurance will be excess over any other insurance or self insurance regardless of any provisions of any other policy available to the user. However, if the insurance on the **non-owned auto** has limits equal to or greater than the applicable minimum financial responsibility law, there is no excess liability insurance available under this policy.

**We** have no duty to defend the lessor or **owner** of a **non-owned auto** under this Part.

**\*\*\***

14. Upon information and belief, on September 26, 2019, Patrice McFadden was operating a 1990 Mazda owned by Roland McFadden when she crossed left of the center line.

15. Upon information and belief, the 1990 Mazda struck, head on, a vehicle operated by Michael Smith and carrying Johnnie Douglas as a passenger.

16. Upon information and belief, Michael Smith and Johnnie Douglas sustained injuries and died as a result of the collision.

17. Upon information and belief, these Defendants have or will make claims under the Policy.

**FOR A FIRST DECLARATION**

18. First Acceptance reiterates its allegations above as if set forth fully verbatim below.

19. The Policy provides liability coverage for bodily injury and property damages for which an insured becomes legally responsible because of an accident arising out of the insured's ownership, maintenance or use of an insured auto.

20. The Policy defines "insured auto" as an auto listed on the declarations page, a trailer the insured owns that is attached to an insured auto, a replacement auto, an additional auto, and a temporary substitute auto.

21. The Mazda is not listed on the Policy's declarations page.

22. The Mazda is not a trailer that was attached to an insured auto at the time of the accident.

23. The Mazda is not a replacement auto for a vehicle listed on the declarations page.

24. The Mazda is not an additional auto.

25. The Mazda is not a temporary substitute auto for a vehicle listed on the declarations page.

26. Thus, the Mazda is not an "**insured auto**" under the terms of the Policy.

**FOR A SECOND DECLARATION**

27. First Acceptance reiterates its allegations above as if set forth fully verbatim below.

28. The Policy provides liability coverage for bodily injury and property damages for which an insured becomes legally responsible because of an accident arising out of the insured's ownership, maintenance or use of an insured auto.

29. The Policy defines an "insured," for purposes of liability coverage, as the named insured, a **resident** or **relative** for the ownership, maintenance or use of an "**insured auto**."

30. The Mazda is not an "**insured auto**" under the terms of the Policy.

31. The Policy also defines an "insured," for purposes of liability coverage, as the named insured "while operating any **non-owned auto** with the express or implied permission of the **owner** and within the scope of that permission."

32. The Policy defines "**non-owned auto**" as "any **auto**, including a **rental vehicle**, that is used by **you** within the scope of the express permission of the **owner** and not **owned** by, furnished to, or available for the regular use of **you**, a **relative**, or a **resident**."

33. The Policy defines "**regular use**" as "operation or use of an **auto** by any person on 7 or more occasions during the 90 calendar days preceding either **your** application for this insurance policy or any accident or **loss** for which coverage is sought under this policy."

34. Upon information and belief, Ronald McFadden owned the Mazda operated by Patrice McFadden at the time of the accident.

35. Upon information and belief, Ronald McFadden was the non-resident, estranged husband of Patrice McFadden at the time of the accident.

36. Upon information and belief, Patrice McFadden had operated the Mazda on 7 or more occasions during the 90 calendar days preceding the accident.

37. Therefore, the Mazda was available for Patrice McFadden's regular use.

38. Because the Mazda was not an insured auto, and because the auto was available for Patrice McFadden's regular use, she is not an "insured" for purposes of liability coverage under the Policy with respect to the accident.

39. Thus, the Policy does not afford liability coverage for the accident.

**FOR A THIRD DECLARATION**

40. First Acceptance reiterates its allegations above as if set forth fully verbatim below.

41.     The Policy does not provide excess liability coverage for a non-owned auto if the non-owned auto is insured up to, or in excess of, the minimum financial responsibility limits prescribed by law.

42.     Upon information and belief, the Mazda was insured under a policy issued to Ronald McFadden for liability coverage for bodily injury with limits of $100,000 per person and $300,000 per accident and property damage with limits of $50,000 per accident.

43.     Therefore, the Mazda was insured under a policy that afforded liability limits exceeding the minimum financial responsibility limits prescribed by law.

44.     Thus, the Policy does not afford excess liability coverage for the accident.

**WHEREFORE**, First Acceptance prays that the Court inquire into these matters and declare that the Policy provides no coverage for the September 26, 2019 accident and First Acceptance has no duty to defend or indemnify Patrice McFadden, deceased, or Roland McFadden with respect to any claims arising out of the September 26, 2019 accident, together with such other and further relief as the Court may deem proper.

MURPHY & GRANTLAND, P.A.

s/J.R. Murphy
J.R. Murphy, Esquire (Fed. I.D. 3119)
4406-B Forest Drive (29206)
P.O. Box 6648
Columbia, South Carolina 29260
(803) 782-4100
Attorneys for the Plaintiff First Acceptance
Insurance Company, Inc.

Columbia, South Carolina
July 28, 2020